UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALEXANDRA GLENN,

                              Plaintiff,

        v.                                              **DECISION AND ORDER**
                                                        14-CV-380S

FUJI GRILL NIAGARA FALLS, LLC,

                              Defendant.


## I. INTRODUCTION

Plaintiff Alexandra Glenn commenced this action against her former employer, Defendant Fuji Grill Niagara Falls, LLC, alleging violations of Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law. (Docket No. 1, Complaint.) Following discovery, Defendant made an offer of judgment in the amount of $12,500.00, which Plaintiff accepted, and a judgment was entered by this Court on November 12, 2015. (Docket No. 47.) Plaintiff then moved for attorney fees and costs. (Docket No. 48.) Defendant opposed the motion for fees and filed a cross-motion to vacate the judgment. (Docket No. 51.) Currently pending before this Court are four motions: (1) Plaintiff's motion for fees; (2) Defendant's cross-motion to vacate the judgment; (3) Defendant's motion to stay (Docket No. 54); and (4) Defendant's motion for a protective order (Docket No. 58). For the following reasons, the motion for fees is granted in part and all other pending motions are denied.

## II. BACKGROUND

Plaintiff, a 25-year-old female, alleges that Defendant, an Asian food restaurant, primarily hired employees of Chinese descent and discriminated against employees not

of Chinese descent.  (Compl. ¶¶ 11-17.)  Plaintiff further alleges that she was subjected

to a hostile work environment while employed by Defendant and that she was fired

shortly after she complained about the harassment.  (Compl. ¶¶ 18-22.)  Plaintiff's four

count Complaint sought damages with respect to sexual harassment, hostile work

environment, retaliation, and wrongful termination claims under Title VII and New York

State Human Rights Law.  Defendant denies these allegations.

Plaintiff initially requested $95,000 to settle the matter in full, while Defendant

offered only $2,000.  (Docket No. 53 -1, Ex. A (letter from Defendant's counsel to

Plaintiff's counsel dated Nov. 18, 2015).)  Following discovery, Plaintiff reduced her

demand to $25,000, then $20,000, and discussed the possibility of a settlement at

$18,000.  (Id.)  The final settlement discussions (Plaintiff's $20,000 offer and the

discussion of a possible $18,000 offer) took place on or about November 2, 2015.  (Id.)

Defendant contends, and Plaintiff does not dispute, that these settlement offers were

"all inclusive," meaning that both parties understood that they were intended to include

attorneys' fees and costs.  (Id.)

On November 10, 2015, Defendant sent an Offer of Judgment to Plaintiff, stating:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendant,
> FUJI GRILL NIAGARA FALLS LLC., hereby offers to allow Judgment to
> be entered against it in this action in the amount of $12,500.00 including
> all of Plaintiff's claims for relief.  This offer of judgment is made for the
> purposes specified in Federal Rule of Civil Procedure 68, and is not to be
> construed as either an admission that defendant, FUJI GRILL NIAGARA
> FALLS LLC., is liable in this action, or that the plaintiff, ALEXANDRA
> GLENN, have [sic] suffered any damage.  This Offer of Judgment shall not
> be filed with the Court unless (a) accepted or (b) in a proceeding to
> determine costs.

(Docket No. 44.)  Plaintiff accepted the offer on November 11, 2015, and requested that

the Court enter judgment consistent with the offer.  (Docket No. 46.)  Judgment was

entered on November 12, 2015.  (Docket No. 46.)  Plaintiff contends that the language

contained in the Offer of Judgment, "including all of Plaintiff's claims for relief," does not

encompass attorneys' fees and costs.  (Docket No. 48 at 6-7.)  Plaintiff further contends

that she accepted the Offer of Judgment on her counsel's advice that she could recover

attorneys' fees and costs separately.  (Docket No. 52 at 5.)

On November 17, 2015, Plaintiff filed a motion for attorneys' fees and costs.

(Docket No. 48.)  Plaintiff now seeks $20,820.00 in attorneys' fees and $7,552.95 in

cost reimbursement, for a total of $28,372.95.[1]  Defendant cross-moved, opposing the

motion for fees and requesting that this Court "vacate the Rule 68 offer pursuant to Fed.

R. Civ. Pro. 60(b), or in the alternative, clarify the meaning of the Offer as being all-

inclusive."  (Docket No. 51 at 6.)  Plaintiff has attempted to enforce the judgment and

sought discovery to assist in enforcement, and Defendant has moved for a stay and a

protective order seeking relief from enforcement and discovery pending an order as to

fees.  (Docket Nos. 54, 58.)

### III. DISCUSSION

#### A.    Motion for Fees

Federal Rule of Civil Procedure 68 provides that:  "[a]t least 14 days before the

date set for trial, a party defending against a claim may serve on an opposing party an

offer to allow judgment on specified terms, with the costs then accrued."  Fed. R. Civ. P.

68(a).  If, within 14 days, the opposing party accepts the offer in writing, either side may

file the offer and notice of acceptance, and "[t]he clerk must then enter judgment."  Id.  If

the opposing party does not accept the offer, it must pay the "costs" incurred after the

---

[1] Plaintiff initially sought $19,455.00 in attorneys' fees and $7,552.95 in cost reimbursement, totaling
$26,997.95.  In her reply, filed on December 2, 2015, Plaintiff added $1,350.00 in attorneys' fees to
account for the time spent on the instant motions.  (Docket No. 52 at 2.)

offer was made if it does not obtain a judgment "more favorable than the unaccepted offer."  Fed. R. Civ. P. 68(d).

"The purpose of Rule 68 is to encourage settlement and avoid litigation."  <u>Van Echaute v. Law Office of Thomas Landis, Esq.</u>, 2011 WL 1302195, *1 (N.D.N.Y. 2011). Rule 68 is a cost-shifting provision, which "in essence shifts the risk of going forward with a lawsuit to the [plaintiff], who becomes exposed to the prospect of being saddled with the substantial expense of trial."  <u>Christian v. R. Wood Motors, Inc.</u>, 1995 WL 238981, *4 (N.D.N.Y. 1995) (quoting <u>Mallory v. Eyrich</u>, 922 F.2d 1273, 1278 (6th Cir. 1991)).  An offer of judgment, "once made, is non-negotiable; it is either accepted, in which case it is automatically entered by the clerk of the court, or rejected, in which case it stands as the marker by which the plaintiff's results are ultimately measured." <u>Nusom v. Comh Woodburn, Inc.</u>, 122 F.3d 830, 834 (9th Cir. 1997).  The non-negotiability of the terms of an offer of judgment underscores the importance of precision in drafting.  <u>Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.</u>, 298 F.3d 1238, 1244 (11th Cir. 2002) ("[w]hile an offeree can respond to an ordinary settlement offer through a counteroffer or seek to clarify or modify its terms, a Rule 68 offeree is at the mercy of the offeror's choice of language and willingness to conform it to the understanding of both parties[;] [o]nly the offeror can ensure that the offer clearly includes or excludes fees"); <u>Nusom</u>, 122 F.3d at 834 ("defendants bear the brunt of uncertainty but easily may avoid it by making explicit that their offers do or do not permit plaintiffs to recover attorney fees").

"Whether a Rule 68 judgment encompasses claims for attorneys' fees authorized to prevailing parties by statute or contract depends on the terms of the accepted offer."

Steiner v. Lewmar, Inc., No. 14-3817-CV, 2016 WL 860359, at *3 (2d Cir. Mar. 7, 2016) "Where the language of the contract (*i.e.*, the Rule 68 offer and acceptance thereof) is clear and unambiguous, the contract is to be given effect according to its terms." Lee v. BSB Greenwich Mortg. Ltd. P'ship, 267 F.3d 172, 178 (2d Cir. 2001) (internal quotation and punctuation omitted).  And, if the terms of a contract are clear, courts must "take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself."  Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481, 484 (2d Cir. 1999).

"Where [a Rule 68] offer is silent on attorneys' fees . . . such ambiguities will be construed against the offeror."   Steiner, 2016 WL 860359, at *3 (citing Sanchez v. Prudential Pizza, Inc., 709 F.3d 689, 692 (7th Cir. 2013) ("[B]ecause the consequences of a Rule 68 offer are so great, the offering defendant bears the burden of any silence or ambiguity concerning attorney fees."); Util. Automation 2000, Inc., 298 F.3d at 1244 ("[T]he responsibility for clarity and precision in the offer must reside with the offeror."); Nusom, 122 F.3d at 833-34 ("[I]t is incumbent on the defendant making a Rule 68 offer to state clearly that attorney fees are included as part of the total sum for which judgment may be entered if the defendant wishes to avoid exposure to attorney fees in addition to the sum offered plus costs.")); GMA Accessories, Inc. v. BOP LLC, No. 07 CIV. 3219LTSDCF, 2007 WL 4563433, at *3 (S.D.N.Y. Dec. 20, 2007) ("Construing ambiguity against the offeror forces a defendant to be precise about the terms of his offer.") (internal quotation omitted).  Therefore, when a party accepts a Rule 68 offer of judgment that is silent as to costs, that party is entitled to seek costs after entry of

judgment. Barbour v. City of White Plains, 700 F.3d 631, 633 (2d Cir. 2012) (per curiam) ("if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion, it determines to be sufficient to cover the costs") (quoting Marek v. Chesny, 473 U.S. 1, 6, 105 S. Ct. 3012, 3015, 87 L. Ed. 2d 1 (1985)). And where, as here, fees are included in the definition of costs in the relevant statute, a party that accepts a Rule 68 offer that is silent as to costs will also be entitled to seek attorneys' fees after entry of judgment. Id. at 634 (party could seek attorneys' fees where offer was silent as to costs and where attorneys' fees were included in definition of costs in relevant statute); see also Wilson v. Nomura Sec. Int'l, Inc., 361 F.3d 86, 89 (2d Cir. 2004) (Title VII defines "costs" to include attorneys' fees).

Defendant argues that Plaintiff is not a "prevailing party" under the statute, and is therefore not entitled to attorneys' fees. Second Circuit precedent holds otherwise. See, e.g., Lyte v. Sara Lee Corp., 950 F.2d 101, 103-04 (2d Cir. 1991) (finding plaintiff who accepted a Rule 68 offer of judgment in the amount of $9,500 qualified as a "prevailing party" entitled to attorneys' fees and costs under Title VII's fee award provision). A plaintiff is considered to be prevailing if she "has succeeded on any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit"—i.e., "at a minimum, to be considered a prevailing party within the meaning of [the relevant statute], the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between [herself] and the defendant." See Texas State Teachers Assn. v. Garland School Dist., 489 U.S. 782, 791-92, 109 S. Ct. 1486, 1493, 103 L. Ed. 2d 866 (1989). Therefore, Plaintiff is a prevailing party here

6

because Plaintiff has received a monetary judgment that Defendant is legally obligated to pay, and because that judgment will modify Defendant's behavior for Plaintiff's benefit, by forcing Defendant to pay an amount of money it otherwise would not pay. See Schlant v. Victor Belata Belting Co., No. 94-CV-0915E(SC), 2001 WL 1188172, at *1 (W.D.N.Y. Oct. 3, 2001) (citing Raishevich v. Foster, 247 F.3d 337, 345 (2d Cir. 2001) and Farrar v. Hobby, 506 U.S. 103, 113, 113 S. Ct. 566, 574, 121 L. Ed. 2d 494 (1992)); see also Delta Air Lines v. August, 450 U.S. 346, 363, 101 S. Ct. 1146, 67 L. Ed. 2d 287 (1981) (Powell, J., concurring) ("A Rule 68 offer of judgment is a proposal of settlement that, by definition, stipulates that the plaintiff shall be treated as the prevailing party.").

Defendant further argues Plaintiff's motion for fees should be denied, or that the judgment should be vacated, because there was no "meeting of the minds" as to the terms of the offer.  At least one other circuit court has vacated judgments under similar facts.  See Radecki v. Amoco Oil Co., 858 F.2d 397, 399 (8th Cir. 1988) (no mutual assent where prior to acceptance defendant stated offer was intended to include fees and plaintiff then purported to accept offer and maintain entitlement to additional award for attorneys' fees; "[t]he materially different intent of the parties as manifested in their actions shows there was no mutual assent, and hence no binding agreement"); see also Stewart v. Prof'l Computer Ctrs., Inc., 148 F.3d 937, 938 (8th Cir. 1998) (no mutual assent where defendant clarified that offer included attorneys' fees prior to acceptance and plaintiff communicated intent to accept offer but seek fees).  Indeed, this Court has also vacated a judgment where "the objective evidence relating to the offer and the acceptance establish[d] that the mutual assent necessary to form a contract was

lacking."  <u>Henchen v. Renovo Servs., LLC</u>, No. 11-CV-6073P, 2013 WL 1152040, at *6

(W.D.N.Y. Mar. 19, 2013).[2]

However, the majority of precedent in this Circuit holds otherwise.  For example,

the defendant in <u>Barbour v. City of White Plains</u> made an Offer of Judgment with

language nearly identical to that at issue here,[3] and argued that "their Rule 68 offer of

judgment to settle 'all claims' should have been interpreted to encompass costs,

including attorneys' fees."  700 F.3d at 632.  Citing <u>Marek</u>, 473 U.S. 1, the Second

Circuit held:

> The [Supreme Court has] emphasized that a party who intends a Rule 68
> offer of settlement to cover costs must clearly say so. . . .  Defendants
> concede that their Rule 68 offers did not mention, much less specify an
> amount for, costs.  In such circumstances, their argument that the
> settlement offers nevertheless "clearly intended to include attorneys' fees,"
> fails on the merits.

700 F.3d at 634 (internal citation omitted).  The Second Circuit did not address the issue

of mutual assent in <u>Barbour</u>, but the facts surrounding the offer of judgment in that case,

including the alleged difference of intentions with respect to the parties, are strikingly

similar to those alleged by Defendant here.  <u>Id.</u> at 632-33.  Therefore, although

Defendant's argument regarding mutual assent may have some merit, this Court must

follow Second Circuit precedent.

Plaintiff is entitled to costs, including reasonable attorneys' fees.[4]

---

[2] <u>Henchen</u> is also distinguishable from this case on the facts.  There, Plaintiff's acceptance of the Rule 68 offer explicitly specified the intention to seek fees and costs, and Defendant immediately moved to revoke or amend the offer.  <u>Id.</u>, at *2.  As the court in <u>Henchen</u> noted:  "this decision is grounded in the unusual facts of this case and does not lessen the need for clarity in Rule 68 offers of judgment."  <u>Id.</u>, at *6.

[3] "The three offers of judgment—one extended to each plaintiff—recited that they were for 'the total sum of TEN THOUSAND DOLLARS AND 00/100 ($10,000.00) for the settlement of *all claims* pending against the defendants in this action.'"  <u>Id.</u> at 633 (emphasis added).

[4] This Court does not speculate as to whether Plaintiff's counsel "innocently misunderstood the scope of [Defendant's] offer . . . or else deliberately engaged in 'sharp practice' by attempting to exploit [Defendant's] failure to specify in writing whether attorneys fees were included."  <u>Johnson v. Seneca Cty.</u>,

**B.     Motion to Vacate**

Having determined the terms of the judgment, this Court now turns to Defendant's motion to vacate pursuant to Rule 60(b).  Rule 60(b) states, in pertinent part:  "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect[.]"  Fed. R. Civ. P. 60(b)(1).  "Rule 60(b), 'allows extraordinary judicial relief, [therefore] it is invoked only upon a showing of exceptional circumstances.  A motion seeking such relief is addressed to the sound discretion of the district court with appellate review limited to determining whether that discretion has been abused.'"  Phelps v. Kapnolas, No. 94-CV-7543-CJS, 2005 WL 2136917, at *1 (W.D.N.Y. Sept. 2, 2005) (modification in original) (quoting Nemaizer v. Baker, 793 F.2d 58, 61-62 (2d Cir. 1986)).

"'When the parties submit to an agreed-upon disposition instead of seeking a resolution on the merits . . . the burden to obtain Rule 60(b) relief is heavier than if one party proceeded to trial, lost, and failed to appeal.'"  GMA Accessories, Inc., 2007 WL 4563433, at *2 (quoting Nemaizer, 793 F.2d at 63 (citations omitted)).  This standard must be applied particularly stringently where, as here, the moving party seeks relief from a judgment resulting from its own Rule 68 offer of judgment.  As noted above, any ambiguity in a Rule 68 Offer of Judgment is construed against Defendant.  See e.g.,

---

No. 08-CV-6459L, 2011 WL 767705, at *2 (W.D.N.Y. Feb. 28, 2011).  However, this Court does note the negotiation history—which Plaintiff does not dispute was restricted to offers inclusive of costs and fees—and the representation that Plaintiff's counsel anticipated seeking fees only once he read the language of the offer.  (Docket No. 52 at 5 ("Prior to accepting the Offer of Judgment, I reviewed the applicable case law and discussed same with Ms. Glenn . . . .  Ms. Glenn accepted Defendant's Offer of Judgment with the expectation that she would recover her costs, based upon the foregoing case law.").)  These facts "suggest[ ] that counsel made a tactical decision not to seek clarification of the ambiguous offer, but rather to accept the offer . . . in the hopes of obtaining an additional fee award that [Defendant] may not have intended."  Henchen, 2013 WL 1152040, at *6 n. 3.

<u>Torres v. Walker</u>, 356 F.3d 238, 245-46 (2d Cir. 2004) ("In any event, even assuming the language in the stipulation regarding payment of reasonable attorneys' fees to be ambiguous, any ambiguity therein must be construed against Defendants, who drafted the stipulation."); <u>Jolly v. Coughlin</u>, No. 92 Civ. 9026, 1999 WL 20895, at *4 (S.D.N.Y.1999) (in evaluating a Rule 68 offer, "ambiguities in the contract will be construed against the drafter").

Defendant fails to meet this burden. As discussed above, it is well-settled that a Rule 68 offer of judgment that is silent as to costs allows the accepting party to seek costs after entry of judgment. <u>Barbour</u>, 700 F.3d at 633. Thus, it would appear that Defendant's failure to explicitly include costs in the offer is due to counsel's error in drafting, or his ignorance of the law on this point. This is not a basis for relief under Rule 60(b)(1):

> Relief from counsel's error is normally sought pursuant to [Rule] 60(b)(1) on the theory that such error constitutes mistake, inadvertence or excusable neglect. But we have consistently declined to relieve a client under subsection (1) of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court . . .

<u>Nemaizer</u>, 793 F.2d at 62 (internal quotation omitted). Moreover, "'even if responsibility rests with [ . . . ] counsel, Rule 60(b)(1) does not provide an avenue for relief. . . . [A]n attorney's actions, whether arising from neglect, carelessness or inexperience, are attributable to the client, who has a duty to protect his own interests by taking such legal steps as are necessary.'" <u>Espaillat v. Cont'l Exp., Inc.</u>, No. 99-CV-6173 CJS, 2003 WL 22384799, at *4 (W.D.N.Y. Sept. 5, 2003) (internal citations and quotations omitted) (quoting <u>Nemaizer</u>, 793 F.2d at 62-63).

Accordingly, the motion to vacate is denied. <u>Travelers Ins. Co. v. Monpere</u>, No.

93-CV-0127E(F), 1997 WL 251491, at *2 (W.D.N.Y. May 7, 1997) ("This mandates denial of the instant motion because it is well-settled that such attorney error does not constitute 'excusable neglect,' 'mistake' or any other basis for relief enumerated in [Rule] 60(b)(1)."); Mendell In Behalf of Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990) ("counsel's ignorance of the law on this point cannot form the basis for relief under subdivision (1) of Rule 60(b)"), aff'd sub nom. Gollust v. Mendell, 501 U.S. 115, 111 S. Ct. 2173, 115 L. Ed. 2d 109 (1991).

## C.    Calculation of Reasonable Fees and Costs

"Awarding fees to a prevailing defendant is not mandatory; the relevant statutes provide that such an award *may* be made within the discretion of the court."  Murphy v. Bd. of Educ. of Rochester City Sch. Dist., 420 F. Supp. 2d 131, 134 (W.D.N.Y. 2006) (emphasis in original) (citing 42 U.S.C. § 2000e-5(k) ("In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs")).[5]  A district court has discretion to determine the amount of fees that would be appropriate to satisfy a fee award.  Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941, 76 L. Ed. 2d 40 (1983); see also Fed. R. Civ. P. 54(d); see also McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006) ("Given the district court's inherent institutional advantages in this area, our review of a district court's fee award is highly deferential."); Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992) ("[W]e must bear in mind that the district court has wide discretion in determining the amount of

---

[5] Plaintiff also asserted claims under the New York State Human Rights Law (Executive Law § 290, et seq.), however "the NYSHRL does not provide for an award of fees".  See Cole-Hoover v. New York Dep't of Corr. Servs., No. 02-CV-00826 M, 2014 WL 576176, at *6 (W.D.N.Y. Feb. 12, 2014) (citing Lightfoot v. Union Carbide Corp., 110 F.3d 898, 913 (2d Cir. 1997); New York City Board of Education v. Sears, 83 A.D.2d 959, 960, 443 N.Y.S.2d 23 (2d Dept. 1981)).

attorney's fees to award; thus, absent an abuse of discretion or an error of law we will not disturb the district court's assessment of the appropriate fee award.").

    1.  <u>Attorneys' Fees</u>

Both the Second Circuit and the Supreme Court have held that "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" <u>Millea v. Metro-North R.R. Co.</u>, 658 F.3d 154, 166 (2d Cir. 2011) (quoting <u>Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany</u> ("<u>Arbor Hill</u>"), 522 F.3d 182, 183 (2d Cir. 2008)).   The application of the lodestar method in this Circuit also requires a district court, "in exercising its considerable discretion, to bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified[6] as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." <u>Arbor Hill</u>, 522 F.3d at 190 (emphasis removed); <u>see</u> <u>Barfield v. N.Y.C. Health and Hosp. Corp.</u>, 537 F.3d 132, 151-52 (2d Cir. 2008).   Ultimately, "the presumptively reasonable fee is what a reasonable paying client would be willing to pay, giving that a client wishes to spend the minimum necessary to litigate the case effectively."   <u>Disabled Patriots of America, Inc. v. Niagara Group Hotels, LLC</u>, 688 F. Supp. 2d 216, 223 (W.D.N.Y. 2010) (internal quotation marks omitted); <u>see</u> <u>Arbor Hill</u>, 522 F.3d at 184.

The fee-seeking party bears the burden of "establishing entitlement to an award

---

[6] The most-cited variables are the so-called <u>Johnson</u> factors, including:  "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."  <u>Arbor Hill</u>, 522 F.3d at 187 n. 3 (citing <u>Johnson v. Ga. Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974)).

and documenting the appropriate hours expended and hourly rates." <u>See</u> <u>Savoie v.</u> <u>Merchants Bank</u>, 166 F.3d 456, 463 (2d Cir. 1999) (quoting <u>Cruz v. Local Union No. 3 of</u> <u>Int'l Bhd. of Elec. Workers</u>, 34 F.3d 1148, 1160 (2d Cir. 1994)).   "Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." <u>Kirsch v. Fleet St., Ltd.</u>, 148 F.3d 149, 173 (2d Cir. 1998).

Plaintiff's counsel submitted documentation of legal work, including sufficiently detailed time records for each attorney and an explanation on the hourly rates sought for each attorney.   (<u>See</u> Docket Nos. 48-1, 48-2, 48-3, 48-4, 48-6).   Plaintiff's lead counsel, a senior associate with 11 years' experience, requests $20,820.00 in compensation for a total of 178 hours for legal work at $250 per hour and 17.6 hours for paralegal work at $75 per hour.   Plaintiff also seeks $7,552.95 in cost reimbursement, for a total of $28,372.95.   As an initial matter, Plaintiff improperly includes local counsel attorneys' fees in her cost calculation.   <u>See</u> <u>Farberware Licensing Co. LLC v. Meyer</u> <u>Mktg. Co.</u>, No. 09 CIV. 2570 (HB), 2009 WL 5173787, at *7 (S.D.N.Y. Dec. 30, 2009) (noting that local counsel legal fees were not properly included with reimbursable expenses), aff'd, 428 F. App'x 97 (2d Cir. 2011).   Plaintiff's local counsel billed 13.6 hours at $200 per hour.   The amount sought is therefore $23,540 for legal work and $4832.95 in cost reimbursement.

  *a. Hourly Rate*

Generally, the reasonable hourly rate is the hourly rate employed by attorneys in the district in which the litigation is brought.   <u>Simmons v. N.Y.C. Transit Auth.</u>, 575 F.3d 170, 174 (2d Cir. 2009).   Defendant does not argue that the rates sought are

unreasonable, and this Court finds them to be "in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Reiter v. MTA New York City Transit Authority, 457 F.3d 224, 232 (2d Cir. 2006) (internal quotation marks omitted); see also Muscari v. Nichols & Grant, LLC, No. 14-CV-43-JTC, 2014 WL 4659310, at *3 (W.D.N.Y. Sept.17, 2014) (approving hourly rates of $250 for experienced attorneys).

b. *Hours Expended*

Defendant does make several categorical objections to the hours billed. Defendant argues that the fee award should be reduced because the hours spent on the reply are "excessive, redundant or otherwise unnecessary." (Docket No. 53 at 6.) There is little merit in this argument. Defendant points to Plaintiff's citation to case law outside this circuit as the primary basis for this argument, yet Defendant itself relies heavily on Seventh and Eighth Circuit authority in its own motion and reply. (See, e.g., Docket No. 51 at 9 (citing to the Eighth Circuit); 10 (citing to Southern District of Indiana).) It is not unreasonable, therefore, for Plaintiff to seek to refute Defendant's argument by also looking outside the Second Circuit.

c. *Total Fee Award*

Having found the hourly rates and hours expended to be reasonable, the lodestar calculation is $23,540.

d. *Reduction of Lodestar*

Defendant makes two arguments for additional across-the-board reductions to fees: (1) the suit involves "essentially a private action for damages [that] masquerades under the banner of vindicating important civil rights;" and (2) Plaintiff's limited success

should be reflected by a limited fee recovery.  (Docket No. 51 at 10-11.)  Defendant's public policy argument is unconvincing.  Defendant relies on Sas v. Trintex, 709 F. Supp. 455, 460 (S.D.N.Y. 1989), arguing that, like in Sas, this suit is essentially a private action for money damages, which does not vindicate any constitutional rights. Id. at 459.  But the Second Circuit has held that this is not a permissible consideration. See Millea, 658 F.3d at 167 ("the district court impermissibly reduced its initial figure because it concluded that the interference claim . . . had no public policy significance"). Where Congress has enacted a fee-shifting provision, it "has already made the policy determination that [such] claims serve an important public purpose disproportionate to their cash value.  We cannot second-guess this legislative policy decision."  Id.

Defendant's second argument is more persuasive.  As recognized by the Second Circuit, "the most critical factor in a district court's determination of what constitutes reasonable attorney's fees in a given case is the degree of success obtained by the plaintiff."  Barfield, 537 F.3d at 152 (citations and quotation marks omitted).  Thus, "[a] District Court may adjust the lodestar when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee, such as cases where the plaintiff only had a small degree of success."  C.G. v. Ithaca City Sch. Dist., 531 F. App'x 86, 88 (2d Cir. 2013) (internal citations and quotations omitted); see also Barfield, 537 F.3d at 152 (defining "degree of success" as "the quantity and quality of relief obtained, as compared to what the plaintiff sought to achieve" (internal quotation marks omitted)).  "If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."  Hensley, 461 U.S. at 436.  In such cases,

there is "no precise rule or formula for making [a] determination[ ]" as to whether and by how much a court should adjust her fee request. Id. at 437.

"Where recovery of private damages is the purpose of . . . civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." Farrar, 506 U.S. at 114 (citation omitted).  As represented by Defendant (and not disputed by Plaintiff), Plaintiff initially sought $95,000 to settle her claim.  (Docket No. 53 -1, Ex. A (letter from defense counsel to plaintiff's counsel dated Nov. 18, 2015).)  She ultimately accepted $12,500, or approximately 13% of that amount.  (See Docket No. 47.)  This "award pales in comparison to the amount sought" by Plaintiff, and is therefore a proper basis to reduce attorneys' fees.[7]  See Stanczyk v. City of New York, 990 F. Supp. 2d 242, 252 (E.D.N.Y. 2013), aff'd, 752 F.3d 273 (2d Cir. 2014).  A 65% reduction to the fees is appropriate, to reflect the limited success of Plaintiff's suit.  See Kassim, 415 F.3d at 256 ("Our circuit has thus clearly adopted the view . . . that a district judge's authority to reduce the fee awarded to a prevailing plaintiff below the lodestar by reason of the plaintiff's 'partial or limited success' is not restricted either to cases of multiple discrete theories in which the plaintiff won only a nominal or technical victory."); see also C.G. v. Ithaca City Sch. Dist., 531 F. App'x at 88 (affirming district court's 80% reduction in fees); Struthers v. City of New York, No. 12-CV-242, 2013 WL 5407221, at *10 (E.D.N.Y. Sept. 25, 2013) (finding "defendants' request to reduce the lodestar figure by 80% to be reasonable in

---

[7] The Court is mindful that although it may reduce attorneys' fees to account for Plaintiff's limited degree of success, the fees should not be reduced merely because the number "would be disproportionate to the financial interest at stake in the litigation."  Kassim v. City of Schenectady, 415 F.3d 246, 252 (2d Cir. 2005); see also Millea, 658 F.3d at 169 ("Especially for claims where the financial recovery is likely to be small, calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes . . . .").

light of [plaintiff]'s limited success"). <u>S.M. v. Taconic Hills Cent. Sch. Dist.</u>, No. 1:09-CV-1238 LEK/RFT, 2013 WL 1181581, at *3 (N.D.N.Y. Mar. 20, 2013) (denying reconsideration as to 60% across-the-board reduction for partial success); <u>see also</u> Baird v. Boies, Schiller & Flexner LLP, 219 F. Supp. 2d 510, 519-20 (S.D.N.Y. 2002) (reducing fee award by 60% as a result of limited success and reconciling invalidity of fee reduction for disproportionality with validity of reduction for lack of success). Despite the reduction, the award in this case is sufficient to fulfill the fee-shifting provision's purpose of "assuring that civil rights claims of modest cash value can attract competent counsel." <u>Millea</u>, 658 F.3d at 169. Accordingly, Plaintiff is entitled to $8,239.00 in attorneys' fees.

   2. <u>Costs</u>

   The party seeking to recover costs bears the burden of adequately documenting and itemizing the costs requested. <u>Baker v. Power Sec. Corp.</u>, 174 F.R.D. 292, 294-95 (W.D.N.Y. 1997) ("The burden is therefore upon the party seeking costs to provide adequate documentation of its costs, and a failure to do so may result in the costs being reduced or denied."). A party is not entitled to recover costs when its application fails to provide substantiation for the costs sought. <u>See</u> Mendez v. Radec Corp., 907 F. Supp. 2d 353, 360 (W.D.N.Y. 2012) (denying costs that were "not adequately explained through Plaintiffs' submission"); <u>Douyon v. N.Y. Med. Health Care, P.C.</u>, 49 F. Supp. 3d 328, 352 (E.D.N.Y. 2014) ("[W]ith this record, the Court has no way of confirming that these costs . . . were incurred by counsel."); <u>Joe Hand Promotions, Inc. v. Elmore</u>, No. 11–cv3761, 2013 WL 2352855, at *12 (E.D.N.Y. May 12, 2013) (declining to award costs due to an absence of documentation).

17

Plaintiffs seek to recover $4832.95 in costs, including, *inter alia*, the $400.00 filing fee; $2,329.79 for depositions, $250.00 for "Records/Document Request," $243.61 for "Subpoena Service," and $1,002.33 for "Travel."  (Docket No. 48-5.)   However, Plaintiff has submitted only a limited number of invoices substantiating those costs. (See Docket No. 49, Bill of Costs.)  Invoices are provided as to:  Plaintiff's filing fee, the mediation fee, and deposition fees.[8]  In the absence of any substantiation, this Court finds that Plaintiff has failed to meet her burden as to all other costs sought.  Plaintiff is therefore awarded a total of $2879.79 in costs.  See Chen v. Chen Qualified Settlement Fund, 552 F.3d 218, 226 (2d Cir. 2009) (affirming district court order granting only substantiated costs).  Plaintiff may reapply for her other costs within thirty days upon the submission of the appropriate supporting documentation.

**D.     Motions for Stay and Protective Order**

Defendant moved for a stay and a protective order pending the decision on Plaintiff's motion for fees.  (Docket Nos. 54, 58.)  This order renders those motions moot.  Accordingly, both motions are denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for fees is granted in the amount of $2,879.79 as to costs and $8,239.00 as to fees, totaling $11,118.79.  Defendant's motions are denied.

---

[8] Plaintiff also submits an invoice from "Heaven Sent Worldwide Courier" in the amount of $538.01.  (See Docket No. 49, Bill of Costs at 4.)  This amount does not match any of the charges on Plaintiff's itemized list.

## V. ORDERS

IT HEREBY IS ORDERED that Plaintiff's Motion for Fees (Docket No. 48) is GRANTED in the amount of $11,118.79;

FURTHER, that Defendant's Motion to Vacate the Judgment (Docket No. 51) is DENIED;

FURTHER, that Defendant's Motion to Stay (Docket No. 54) is DENIED;

FURTHER, that Defendant's Motion for a Protective Order (Docket No. 58) is DENIED.

SO ORDERED.

Dated: April 18, 2016
        Buffalo, New York

/s/William M. Skretny
 WILLIAM M. SKRETNY
 United States District Judge